UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WARREN J. LEACH,

          Plaintiff,          CIV. S-03-1970 MCE PAN

    v.

JO ANNE B. BARNHART,          Findings and Recommendation
Commissioner of Social
Security,

          Defendants.

—oOo—

Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision requiring he repay disability insurance benefits.

Plaintiff was awarded benefits beginning April 22, 1996, but later returned to work and continued to receive benefits after he completed a trial work period, viz. a period of time a beneficiary is allowed both to receive benefits and test his ability to return to work, which ended February 1998. When

demand for $3,668.40 repayment was made, plaintiff requested waiver.

Recovery of an overpayment may be waived if a person is without fault and recovery would defeat the purpose of the Act, viz. deprive a person of income required for living expenses or be "against equity and good conscience." 20 C.F.R. § 404.506.

Fault is found if the recipient failed to furnish information which he knew or should have known to be material. 20 C.F.R. § 404.507(b). Determining an individual's fault is "highly subjective, and highly dependent on the interaction between the intentions and state of mind of the claimant and the peculiar circumstances of his situation." Albalos v. Sullivan, 907 F.2d 871, 873 (9th Cir. 1990) (citing Elliott v. Weinberger, 564 F.2d 1219, 1233 (9th Cir. 1977), aff'd in part and rev'd in part sub nom. Califano v. Yamasaki, 442 U.S. 682, 99 S.Ct. 2545 (1979)). The Commissioner's finding that a recipient was at fault in receiving overpayment must be upheld if supported by substantial evidence. Albalos, 907 F.2d at 873; Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990).

The burden is on the recipient to show he or she is without fault and that recovery would defeat the purpose of Title II or be against equity and good conscience. Anderson, 914 F.2d at 1122; Harrison v. Heckler, 746 F.2d 480, 482 (1984). This court reviews the Commissioner's denial of a waiver request to determine if the proper legal standard was applied and if the denial is supported by substantial evidence. Albalos, 907 F.2d

at 873; <u>Harrison</u>, 746 F.2d at 481.

Defendant found plaintiff was not without fault because he did not report his work activity until June 2001, even though when he applied for benefits he signed a statement that he would report all of his work activity.  Moreover, by the time plaintiff had filed his request for a hearing before an administrative law judge, he had agreed to repay the overpayment in monthly installments of $50.  Tr. 10-11.

Plaintiff requests the court order defendant to cease collecting the overpayment because of financial hardship.

Because defendant's decision that plaintiff was not without fault is supported by substantial evidence, the relief he seeks is not available.

I recommend that the decision be affirmed.

These findings and recommendations are submitted to the Honorable Morrison C. England, Jr., the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(l).  Written objections may be filed within ten days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 18, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge

3